UNITED STATES DISTRICT COURT
<u>NORTHERN DISTRICT OF NEW YORK</u>

UPSTATE NEW YORK ENGINEERS
HEALTH FUND, *et al.*,

                                      Plaintiffs,

    -against-                                5:15-CV-00512 (LEK/TWD)

ONEIDAVIEW PILE DRIVING, INC.,
*et al.*,

                                      Defendants.

**DECISION and ORDER**

On April 28, 2015, Plaintiffs Upstate New York Engineers Health Fund, Upstate New York Engineers Pension Fund, Upstate New York Engineers Training Fund, Local 106 Training and Apprenticeship Fund, Central Pension Fund of the International Union of Operating Engineers and Participating Employers, and Upstate New York Operating Engineers, Local 158, filed this action to recover contributions, deductions, interest, liquidated damages, audit fees, and attorneys' fees under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, and the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185. Dkt. No. 1 ("Complaint"). Presently before the Court is Plaintiffs' Motion for Default Judgment. Dkt. Nos. 17 ("Motion"), 17-7 ("Memorandum").

Defendant Oneidaview Pile Driving, Inc. is a New York corporation, and defendant Kimberly Stanfield is an officer and shareholder of Oneidaview. Compl. ¶¶ 15–16. On April 25, 2015, Plaintiffs filed their Complaint alleging that Oneidaview did not pay contributions and deductions to Plaintiffs as required by three separate collective bargaining agreements. Compl. ¶¶ 22–26, 30. On June 2, 2015, Plaintiffs requested entry of default as to all Defendants, Dkt. No.

7, which the Clerk of the Court granted on June 3, 2015, Dkt. No. 9. Plaintiffs now move for a default judgment pursuant to Rule 55 of the Federal Rules of Civil Procedure. Mem. at 1. Defendants have not opposed the Motion or otherwise appeared in this action.

After a default has been entered, all of the well-pleaded allegations in a complaint pertaining to liability are deemed true. Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 108 (2d Cir. 1997). However, a court cannot take allegations in a complaint regarding damages as true. Credit Lyonnais Sec. (USA), Inc. v. Alcantara, 183 F.3d 151, 154–55 (2d Cir. 1999). After establishing liability, a court must conduct an inquiry to ascertain the amount of damages with reasonable certainty. Transatlantic, 109 F.3d at 111.

Here, Plaintiffs' uncontested Complaint and supporting papers are sufficient to show that Plaintiffs are entitled to recover unpaid deductions and contributions from Defendants. Additionally, Plaintiffs request attorneys' fees, audit fees, liquidated damages as to Oneidaview, and prejudgment interest. Mem. at 1. In support of these requests, Plaintiffs provide several affidavits with attached exhibits explaining their damages calculations. See Dkt. Nos. 17-1 to -6. One of these exhibits is a series of spreadsheets showing how Plaintiffs calculated the prejudgment interest owed by Stanfield. Dkt. No. 17-2 ("St. Fleur Affidavit") Ex. B. Ultimately, Plaintiffs determined that Stanfield owes $21,661.31 in prejudgment interest on $13,338.75 in delinquent contributions. St. Fleur Aff. ¶¶ 9–10. Even after careful review of the spreadsheets showing Plaintiffs' calculations, the Court cannot determine how Plaintiffs arrived at a number even close to $21,66.31.

Therefore, the Court denies Plaintiffs' Motion with leave to refile. A future motion for default judgment should provide either (1) a revised calculation as to prejudgment interest owed by Stanfield, or (2) a detailed explanation of Plaintiffs' method for calculating prejudgment

interest as to Stanfield. Additionally, Plaintiffs should correct any other inconsistencies in their calculations of damages. If Plaintiffs fail to file a revised motion for default judgment within sixty (60) days of this Decision and Order, then this action will be dismissed without prejudice.

Accordingly, it is hereby:

**ORDERED**, that Plaintiff's Motion for Default Judgment (Dkt. No. 17) is **DENIED with leave to refile**; and it is further

**ORDERED**, that if Plaintiffs fail to file a revised motion for default judgment within **sixty (60) days** of this Decision and Order, then this action shall, without further order of the Court, be dismissed without prejudice; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED**

DATED:   September 23, 2016
         Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge