UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

UPSTATE NEW YORK ENGINEERS
HEALTH FUND, *et al.*,

                              Plaintiffs,

    -against-                                   5:15-CV-0512 (LEK/TWD)

ONEIDAVIEW PILE DRIVING, INC.,
*et al.*,

                              Defendants.

## DECISION AND ORDER

**I.    INTRODUCTION**

On April 28, 2015, Plaintiffs Upstate New York Engineers Health Fund, Upstate New York Engineers Pension Fund, Upstate Engineers S.U.B. Fund, Upstate New York Engineers Training Fund, Local 106 Training and Apprenticeship Fund, Central Pension Fund of the International Union of Operating Engineers and Participating Employers (collectively, the "Funds"), and Upstate New York Operating Engineers, Local 158 (the "Union") filed this action to recover contributions, deductions, interest, liquidated damages, audit fees, and attorneys' fees and costs under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, and the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185. Dkt. No. 1 ("Complaint"). Presently before the Court is Plaintiffs' second motion for default judgment. Dkt. Nos. 20 ("Second Default Motion"), 20-1 ("Memorandum"). For the following reasons, Plaintiffs' Second Default Motion is granted.

## II.  BACKGROUND

Defendant Oneidaview Pile Driving is a New York corporation, and defendant Stanfield is an officer and shareholder of Oneidaview. Compl. ¶¶ 15–16. This action was brought by fiduciaries of employee benefit plans alleging that Oneidaview did not pay contributions or deductions to Plaintiffs as required under the terms of three collective bargaining agreements ("CBAs"). Id. ¶¶ 24–25, 30.  Plaintiffs filed their Complaint on April 25, 2015, and Defendants did not answer or otherwise move with respect to the Complaint. On June 2, 2015, Plaintiffs requested entry of default as to all Defendants, Dkt. No. 7, which the Clerk of the Court granted on June 3, 2015, Dkt. No. 9. Plaintiffs then moved for a default judgment under to Rule 55 of the Federal Rules of Civil Procedure. Dkt. No. 17 ("First Default Motion"). The Court denied the First Default Motion because Plaintiffs' calculation of prejudgment interest was incomprehensible, but the Court granted leave to refile the motion. Dkt. No. 19 ("September Order"). Plaintiffs have since timely filed the Second Default Motion. Defendants have not opposed the Second Default Motion or otherwise appeared in this action.

## III.  LEGAL STANDARD

After the clerk has filed an entry of default against a party that has failed to plead or otherwise defend, a court may enter default judgment upon application of the opposing party. Fed. R. Civ. P. 55(b). Default judgment is an extreme sanction, and decisions on the merits are favored. Meehan v. Snow, 652 F.2d 274, 277 (2d Cir. 1981). However, default judgment is ordinarily justified when a party fails to respond after having received proper notice. Bermudez v. Reid, 733 F.2d 18, 21 (2d Cir. 1984). After a default is entered, all of the well-pleaded allegations in a complaint pertaining to liability are deemed true. See Transatlantic Marine

2

Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 108 (2d Cir. 1997) (recognizing that the factual allegations in the complaint, except those relating to damages, are deemed true after default).

However, a court cannot take allegations in a complaint regarding damages as true. Credit Lyonnais Sec. (USA), Inc. v. Alcantara, 183 F.3d 151, 154–55 (2d Cir. 1999). After establishing liability, a court must ascertain the amount of damages with reasonable certainty. Transatlantic, 109 F.3d at 111. To determine the amount of damages in the context of a default judgment, "the court may conduct such hearings or order such references as it deems necessary and proper." Fed. R. Civ. P. 55(b)(2). However, "it [is] not necessary for the District Court to hold a hearing, as long as it ensured that there [is] a basis for the damages specified in the default judgment." Fustok v. ContiCommodity Servs., Inc., 873 F.2d 38, 40 (2d Cir. 1989); see also Action S.A. v. Marc Rich & Co., Inc., 951 F.2d 504, 508 (2d Cir. 1991) (finding a full evidentiary hearing unnecessary where the district judge was "inundated with affidavits, evidence, and oral presentations").

**IV.     DISCUSSION**

Defendants have failed to appear in this action or to answer Plaintiffs' Complaint, despite having been duly served. Dkt. Nos. 4, 5, 6. Because Defendants have failed to appear, and because the Clerk has made an entry of default, all relevant and well-pleaded factual allegations in Plaintiffs' Complaint are presumed to be accurate.

Under ERISA, employers that are obligated to make contributions to multiemployer benefit plans must do so under the terms of such plans. 29 U.S.C. § 1145. Here, Plaintiffs have sufficiently alleged that Oneidaview is an employer required to make contributions to the

employee benefit plans under the CBAs, and that it has failed to do so. Compl. ¶¶ 25–26, 30. Under the CBAs, Oneidaview was also required to deduct stipulated amounts from employees' wages and pay those deductions to the Union. Id. ¶ 26. If an employer fails to make the required contributions and deductions, ERISA provides for statutory damages as follows:

> (A) the unpaid contributions,
> (B) interest on the unpaid contributions,
> (C) an amount equal to the greater of –
>     (i) interest on the unpaid contributions, or
>     (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
> (D) reasonable attorneys' fees and costs of the action, to be paid by the defendant, and
> (E) such other legal or equitable relief as the court deems appropriate.

29 U.S.C. § 1132(g)(2). Here, Plaintiffs request contributions, deductions, interest, liquidated damages, audit fees, and attorneys' fees for a total amount of $73,717.93 against Oneiadaview. Mem. at 3. Plaintiffs also request contributions, interest, audit fees, and attorneys fees for a total amount of $42,859.93 against Stanfield. Id. at 9.

**A. Oneidaview Pile Driving Inc**.

*1. Contributions and Deductions*

At all times relevant to this action, Oneidaview and Plaintiffs were parties to three CBAs that required Oneidaview to pay contributions and deductions to Plaintiffs for each hour worked by employees covered by the CBAs. Compl. ¶¶ 22, 25–26. In their Complaint, Plaintiffs alleged that Oneidaview owed $18,112.70 in unpaid contributions and deductions for the period of January 1, 2010, through December 31, 2013. Id. ¶ 30. But following commencement of this action, Plaintiffs commissioned an audit showing that Oneidaview actually owed only

4

$15,886.91 in contributions and deductions for that period. Mem. at 5; Dkt. No. 20-6 ("McCarthy Affidavit") Ex. A. Accordingly, the Court awards Plaintiffs $15,886.92 in damages for delinquent contributions and deductions.

### 2. Interest on Unpaid Contributions

Plaintiffs are entitled to receive interest on all delinquent contributions, which "shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of title 26." 29 U.S.C. § 1132(g)(2). Based on the various interest rates set by the different funds (and on the statutory rates for those funds that did not set specific rates), Dkt. No. 20-3 ("St. Fleur Affidavit") ¶ 5, Plaintiffs allege that Oneidaview owes $17,308.19 in interest on delinquent contributions calculated through November 15, 2016, id. ¶ 10. The Court agrees and awards $17,308.19 in interest on unpaid contributions and deductions as to Oneidaview.

### 3. Liquidated Damages

Under 29 U.S.C. § 1132(g)(2)(C), Plaintiffs are entitled to liquidated damages in an amount equal to the greater of the interest on the unpaid contributions or twenty percent of the unpaid contributions. Here, Plaintiffs seek, and the Court grants, liquidated damages in the amount of $16,836.46.[1] St. Fleur Aff. ¶ 10.

---

[1] Plaintiffs are entitled to the full amount of interest on unpaid contributions, which is $17,308.19, but they only seek liquidated damages of $16,836.46. Courts are generally prohibited from granting damages that are greater than the amount requested in the complaint. See Trs. of Plumbers & Pipefitters Nat'l Pension Fund v. Daniel Weintraub & Assocs., Inc., No. 04-CV-2611, 2007 WL 4125453, at *5 (E.D.N.Y. Nov. 16, 2007) ("The rationale for this rule is that 'the defending party should be able to decide on the basis of the relief requested in the original pleading whether to expend the time, effort, and money necessary to defend the action.'" (quoting King v. STL Consulting, LLC, No. 05-CV-2719, 2006 WL 3335115, at *4 (E.D.N.Y. Oct. 3, 2006))). Plaintiffs may also have some unarticulated reason for seeking the lower amount. The Court therefore awards only the amount requested by Plaintiffs.

*4. Attorneys' Fees and Costs*

Under 29 U.S.C. § 1132(g)(2)(D), Plaintiffs are entitled to recoup reasonable attorneys' fees and costs. Courts in the Second Circuit employ a "presumptively reasonable fee" standard to determine the amount of attorneys' fees to award. Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 522 F.3d 182, 184 (2d Cir. 2008). In order to determine what is a presumptively reasonable fee, a court assesses "case-specific considerations at the outset, factoring them into its determination of a reasonable hourly rate for the attorneys' work," which is then multiplied by a reasonable number of hours expended by counsel. McDaniel v. County of Schenectady, 595 F.3d 411, 420 (2d Cir. 2010).

Although Plaintiffs sought $5,932.20 in attorneys fees and costs in the First Default Motion, Dkt. No. 17-1 ("First Clark Affidavit") ¶ 23, Plaintiffs now seek $8,847.11, Mem. at 9. In support of their request, Plaintiffs have submitted an affidavit from Jennifer A. Clark, a partner at Blitman & King LLP, as well as detailed billing records. Dkt. No. 20-2 ("Second Clark Affidavit") Ex. F. A review of the records shows that this additional cost is due to the work spent on refiling the present Motion. Because the additional cost was due to Plaintiffs' attorneys' errors, the Court will not award attorneys' fees for the costs associated with filing the Second Default Motion. See Mister Sprout, Inc. v. Williams Farms Produce Sales, Inc., 881 F. Supp. 2d 482, 491 (S.D.N.Y. 2012) ("Courts in this circuit have consistently found that time expended by an attorney in remedying his own errors is not compensable.").

The Court has reviewed the documentation submitted by Plaintiffs and finds that the evidence supports an award of $5,932.20 in fees and costs. See Upstate N.Y. Eng'rs Health Fund ex rel. Harrigan v. Ransom, No. 13-CV-1434, 2015 WL 145441, at *5 (N.D.N.Y. Jan. 12, 2015)

(finding a total award of $6,148.55 in attorneys' fees and $3,460.39 in costs to be reasonable in an ERISA default judgment); UFCW Local One Pension Fund v. Natoli Indep. Retailers, Inc., No. 12-CV-682, 2012 WL 4793500, at *5 (N.D.N.Y. Oct. 9, 2012) ($5,508.00 in fees and $493.99 in costs).

      5. *Audit Fees*

Plaintiffs also request audit fees of $14,839.25. Dkt. No. 20-7 ("McCarthy Affidavit") ¶ 11. "Requests for audit fees are 'generally determined by utilizing the same standards the court applies in awarding attorneys' fees.'" Teamsters Local 814 Welfare Fund v. Dahill Moving & Storage Co., 545 F. Supp. 2d 260, 269 (E.D.N.Y. 2008) (quoting King v. Unique Rigging Corp., No. 01-CV-3797, 2006 WL 3335011, at *5 (E.D.N.Y. Oct. 27, 2006)).

Here, Plaintiffs provide an affidavit from Joseph W. McCarthy, whose auditing firm conducted a payroll audit of Oneidaview to determine the amount of contributions and deductions owed to Plaintiffs for the period of January 1, 2010, through December 31, 2013. McCarthy Aff. ¶ 4. Although Plaintiffs attach an exhibit listing the number of hours worked and the rate per hour, there is no information as to the activities performed during that time. Id. Ex. B. Thus, the Court has no way to determine whether $14,839.25 is a reasonable fee, and Plaintiffs' request for audit fees is accordingly denied. See Eng'rs Joint Welfare Fund v. C. Destro Dev. Co., Inc., 178 F. Supp. 3d 27, 36–37 (N.D.N.Y. 2016) (Kahn, J.) (denying a request for audit fees where the plaintiffs provided invoices stating the hours spent and the amount charged but not the activities performed); Teamsters Local 814, 545 F. Supp. 2d at 269–70 (same).

**B. Kimberly Stanfield**

   *1. Contributions and Deductions*

Plaintiffs also name Kimberly Stanfield, who "ran day-to-day operations for the company," as a defendant in her individual capacity. Mem. at 9. Plaintiffs allege that Stanfield is a fiduciary and is therefore personally liable for the unpaid contributions and deductions. Id. at 10. "A fiduciary that unlawfully withholds plan assets is 'personally liable to make good to such plan any losses to the plan.'" Bricklayers & Allied Craftworkers Local 2, Albany N.Y. Pension Fund v. Moulton Masonry & Constr., LLC, 779 F.3d 182, 186 (2d Cir. 2015) (quoting 29 U.S.C. § 1109(a)). In order to establish that an individual is personally liable as a fiduciary, a plaintiff must prove "both that (1) the unpaid contributions were plan assets and (2) [the individual] exercised a level of control over those assets sufficient to make him a fiduciary." In re Halpin, 556 F.3d 286, 289 (2d Cir. 2009).

First, "[i]n the absence of provisions to the contrary in the relevant plan documents, unpaid contributions are not assets of the plan." Id. Here, however, Plaintiffs' Trust Agreements provide that outstanding and withheld contributions constitute plan assets. Dkt. Nos. 20-4 ("Harrigan Affidavit") ¶ 17, 20-5 ("Fanning Affidavit") ¶ 5. Second, Plaintiffs assert that Stanfield was "the officer and/or shareholder of Defendant Corporation, she controlled and dominated the affairs of Defendant Corporation, and she determined when, and if, to remit fringe contributions to Plaintiffs." Clark Aff. ¶ 11. Accepting Plaintiffs' uncontested factual allegations as true, Plaintiffs have demonstrated that Stanfield was a fiduciary under ERISA, and that she breached her fiduciary duty. As a fiduciary, Stanfield is required to "make good to [the] plan any losses resulting from [her] breach." 29 U.S.C. § 1109(a). Therefore, Stanfield is responsible for

withheld assets.

### 2. Prejudgment Interest

A fiduciary in her individual capacity may also be liable for prejudgment interest on withheld contributions. Moulton, 779 F.3d at 190. Prejudgment interest is intended to serve "as compensation for the use of money withheld" and to put "the plan in the position it would have occupied but for the breach." Diduck v. Kaszyski & Sons Contractors, Inc., 974 F.2d 270, 286 (2d Cir. 1992), abrogated on other grounds by Gerosa v. Savasta & Co., Inc., 329 F.3d 317 (2d Cir. 2003). Therefore, prejudgment interest is calculated by comparing "what the plan earned during the time in question and what it would have earned had the money lost due to the breach been available." Id. In calculating lost investment income, the burden is on the defendant to show that the plan would not have placed the money in its most profitable plausible investment. Id. Here, Plaintiffs calculate that, based on the rates applicable to each fund, St. Fleur Aff. ¶ 12, Stanfield owes $4,362.76 for lost investment income on unpaid contributions, Mem. at 13. The Court agrees and awards $4,362.76 in prejudgement interest against Stanfield.

### 3. Attorneys' Fees and Costs

Under 29 U.S.C. § 1131(g)(1), in an ERISA action for breach of fiduciary duty, "the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." A court may only award attorneys' fees to a plaintiff who has achieved "some degree of success on the merits." Hardt v. Reliance Standard Life Ins. Co., 560 U.S. 242, 254 (2010); see also Donachie v. Liberty Life Assurance Co. of Bos., 745 F.3d 41, 46 (2d Cir. 2014) ("After Hardt, whether a plaintiff has obtained some degree of success on the merits is the sole factor that a court *must* consider in exercising its discretion."). While a court retains discretion to also consider other

factors, the Court finds that Plaintiffs are the prevailing parties and are entitled to attorneys' fees as to Stanfield.

## V.    CONCLUSION

Accordingly, it is hereby:

**ORDERED,** that Plaintiffs' Motion for Default Judgment (Dkt. No. 17) is **GRANTED**; and it is further

**ORDERED**, that Plaintiffs are awarded $59,936.77 plus post-judgment interest at the rate pursuant to 28 U.S.C. § 1961 against defendant Oneidaview Pile Driving, Inc., consisting of: (1) $15,886.92 in unpaid contributions and deductions, (2) $17,308.19 in interest, (3) $16,836.46 in liquidated damages, and (4) $5,932.20 in attorneys' fees and costs; and it is further

**ORDERED**, that of the $59,936.77 award against Oneidaview, Stanfield is jointly and severally liable for $25,106.92 plus post-judgment interest at the rate pursuant to 28 U.S.C. § 1961, consisting of: (1) $14,811.96 in unpaid contributions, (2) $4,362.76 in prejudgment interest, and (3) $5,932.20 in attorneys' fees and costs; and it is further

**ORDERED**, that the Clerk of the Court serve copies of this Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:    January 30, 2017
          Albany, New York

Lawrence E. Kahn
U.S. District Judge